UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIMBERLY CRISTEL MORA FLORES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General of the United States, et al.,<br><br>Defendants. | Case No. C24-1692-RSM<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiffs Kimberly Cristel Mora Flores and her minor daughter, A.C.A.M.'s Motion for Temporary Restraining Order ("TRO"), Dkt #2. Plaintiffs move the Court to stay their deportation from the United States pending the Board of Immigration Appeals ("BIA") adjudication of their filed Motion to Reopen. *Id*. at 1. This TRO was filed yesterday with a petition for a writ of mandamus. *See* Docket. No Defendant has appeared. The TRO clearly seeks issuance without notice.

The Motion states that Plaintiffs are not in custody because Ms. Mora Flores is pregnant. She was told by Immigration and Customs Enforcement ("ICE") agents on October 7th, 2024, at a regularly scheduled appointment, that ICE intends to deport her and her daughter to Guatemala on October 11, 2024. Dkt. # 2 at 2. Plaintiffs apparently went to a medical

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

appointment yesterday and were instructed to depart the country by today. *See id*. ICE agents have seized her luggage. *Id.* at 5.

"The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). "Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1). "Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party, by electronic means if available, before or contemporaneously with the filing of the motion and include a certificate of service with the motion." *Id*. "The motion must also include contact information for the opposing party's counsel…" *Id*. The Court's Local Rules otherwise allow for the adverse party or parties to file a Response to a TRO. *See* LCR 65(b)(5).

Typically, for a TRO the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008).

As an initial matter, the Court finds that Plaintiffs are seeking a TRO without notice to the adverse party. Under the circumstances, it is clear that this is appropriate. Immediate and

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 2

irreparable injury, loss, or damage will result to the movants before the adverse party can be heard in opposition.

The Court will thus turn to a review of the likelihood of success on the merits.

According to the Motion, Plaintiffs have filed a Motion to Stay and a Motion to Reopen with the BIA.  The Motion to Stay was denied.  The Motion to Reopen is pending and is based on ineffective assistance of counsel.  Plaintiffs argue that this TRO should be issued to prevent the deportation prior to a ruling on the Motion to Reopen.  The Motion cites to *Shaboyan v. Holder*, 652 F.3d 988, 989-90 (9th Cir. 2011) for the proposition that an interim BIA order denying a stay of removal pending the BIA's disposition of a motion to reopen is not a "final order of removal." Dkt. #2 at 6.  Plaintiffs argue that they have a right to seek a judicial stay of removal in conjunction with a petition for review over any denial of a motion to reopen under 8 U.S.C. § 1252(a)(1); (b)(3)(B).

The issue of whether the Court can issue a TRO to prevent a deportation based on a pending Motion to Reopen has been addressed by this Court and by the Ninth Circuit.  In *Gahano v. Renaud*, Case No. C20-1094-MJP, 2021 U.S. Dist. LEXIS 115463 (W.D. Wash. June 21, 2021), the Court denied a similar Motion for a TRO, finding that 8 U.S.C. § 1252(g) prohibits the Court from staying Petitioner's removal.  Under Section 1252(g), except as otherwise provided in section 1252, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any [non-citizen] arising from the decision or action by the [Secretary of Homeland Security] to . . . execute removal orders against any [non-citizen]." 8 U.S.C. § 1252(g). In *Diaz-Amezcua v. Barr*, 402 F.Supp.3d 963 (W.D. Wash. 2019), the petitioner sought a stay of removal pending adjudication of a motion to reopen, claiming that he had a statutory right to move to reopen to seek asylum based on changed conditions in Mexico. *Id*. at

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 3

965. The Court concluded, based on the weight of circuit and district court authority, that the petitioner's claim arose from the Department of Homeland Security's ("DHS") decision to execute his removal order and that § 1252(g) therefore barred his request to stay his removal pending an adjudication of his motion to reopen. *Id*. at 971-72.  The Court in *Gahano* agreed with that case and found that a TRO was properly denied under the circumstances.  In 2022, the Ninth Circuit affirmed a district court's denial of a TRO under §1252(g) when a motion to stay deportation was denied and a motion to reopen was pending. *See Rauda v. Jennings*, 55 F.4th 773 (9th Cir. 2022).  Constitutional claims raised by the petitioner in *Rauda* were similarly dispensed with.

      Given all of the above, the Court finds that it need not examine the other factors for a TRO and will deny this Motion.  Section 1252(g) applies to the relief sought by Plaintiffs. Plaintiffs have a removal order pending against them, and their Motion arises because of the Government's decision to execute that order.  Section 1252(g) precludes the Court from exercising its jurisdiction over Plaintiffs' Motion. *See Gahano, supra; Rauda, supra*.

      Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion for Temporary Restraining Order, Dkt #2, is DENIED.

      DATED this 17th day of October, 2024.

                                        RICARDO S. MARTINEZ
                                        UNITED STATES DISTRICT JUDGE